IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CLEVE DAUGHTERY, JR.,

        Petitioner,

v.                                  CIVIL ACTION NO.  2:08-cv-00295
                                  (Criminal No. 2:05-cr-00213)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION & ORDER**

Pending before the court are Cleve Daughtery, Jr.'s (hereinafter "the defendant") § 2255 motion [Docket 94], a motion regarding his firearm enhancement [Docket 86], Motion to Dismiss Indictment [Docket 108], Motion to Expedite Ruling [Docket 109], Motion for Correction in Defendant's Last Name [Docket 80], and Motion to Overturn Proposed Findings and Recommendation [Docket 111].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and has recommended that the court **DENY** the defendant's § 2255 motion, the motion regarding his firearm enhancement, and the Motion to Dismiss Indictment.  The Magistrate Judge further recommended that the Motion to Expedite Ruling be **DENIED as moot**.  After Magistrate Judge Stanley filed the PF&R [Docket 110], the defendant filed the motion to overturn the PF&R, which I construe as an Objection to the PF&R.

The defendant's objection focuses solely on whether the alleged misspelling of his name in the Indictment against him should result in dismissal of the Indictment and vacation of the judgment and sentence against him. In other words, the objection only addresses Magistrate Judge Stanley's recommendation that the defendant's Motion to Dismiss Indictment be denied. When a party fails to object to a portion of a Magistrate Judge's PF&R, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the PF&R to which the plaintiff did not object, and finds no clear error on the face of the record. Accordingly, the defendant's § 2255 motion is **DENIED**, the defendant's motion regarding his firearm enhancement is **DENIED**, and the defendant's motion to expedite ruling is **DENIED as moot**.

The court reviews the portion of the PF&R that the defendant objected to *de novo*. The defendant's Motion to Dismiss Indictment argues that the Indictment against him misspelled his last name and, therefore, must be dismissed because the Indictment is directed at a faceless person and the correct spelling of that faceless person's name is required. Specifically, the defendant states that the Indictment is against "Cleve Daugh<u>tery</u>, Jr." but his name is "Cleve Daugh<u>erty</u>, Jr." The defendant then argues that because those two different last names are pronounced differently, the Indictment is fatal and must be dismissed.

The defendant relies primarily on two cases: one from the Court of Criminal Appeals of Texas, *Cox v. State*, 608 S.W.2d 219 (Tex. Crim. App. 1980), and a Supreme Court of Georgia case, *Culpepper v. State*, 161 S.E. 623 (Ga. 1931). The *Cox* case reversed a conviction where the indictment misspelled the complainant's name as Emma Dunn when it was actually Erma Dunn.

*See* 608 S.W.2d at 219-20.  The court held that "the names Erma and Emma are patently incapable of being sounded the same . . . and thus the evidence is insufficient to support the conviction." *Id.* at 220.  In *Culpepper*, the Supreme Court of Georgia held that an indictment against Ed C. Magruder was insufficient to convict the actual defendant whose name was Ed C. Culpepper.  *See* 161 S.E. at 624 ("[T]he accusation in this case was null and void as to Culpepper and he could not be convicted thereunder[.]").  The Court of Criminal Appeals of Texas and the Supreme Court of Georgia, of course, are not binding on this court.  Accordingly, my analysis does not end with those two opinions.

In fact, other courts have come to the opposite conclusion in cases similar to this case.  For example, the U.S. Court of Appeals for the Seventh Circuit addressed whether an indictment against Gordon Keith Denny was fatal for spelling his name as Gordon Keith Kenny.  *See United States v. Denny*, 165 F.2d 668 (7th Cir. 1947).  That court reasoned that "the identity of the accused is not questioned.  It is not claimed that [the defendant suffered] any harm . . . by the amendment or that he was unaware of the crime with which he was charged, and enough appears in this record to protect him against another prosecution for the same offense." *Id.* at 670.  The court then concluded that it was proper to allow amendment of the indictment because it was only an amendment as to form, rather than substance.  *Id.*  Furthermore, the Supreme Court of Appeals of West Virginia has held that "to be sufficient an indictment must fully and plainly inform the accused of the character and cause of the accusation[.]" *State v. Furner*, 245 S.E.2d 619, 619 (W. Va. 1978).  More recently, the West Virginia court stated that "[t]he contemporary rule and the rule we adopt is that an indictment may be amended . . . , provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the

amendment is equally available after the amendment." *State v. Adams*, 456 S.E.2d 4, 8 (W. Va. 1995). I agree with the reasoning of the *Denny* court and the decisions from the Supreme Court of Appeals of West Virginia and **FIND** that the defendant must be able to show he was prejudiced in order to gain relief.

The defendant has made no showing of prejudice in this case. As Magistrate Judge Stanley clearly explained:

> Assuming that [the d]efendant is correct and that his last name is correctly spelled "Daugherty," the court notes that [the d]efendant has failed to show that he was prejudiced by the misspelling by which he is now known. The two words sound similar; [the d]efendant was convicted on evidence that was seized from his own residence; he was the only defendant on trial. Thus [the d]efendant has no credible argument that he was the victim of mistaken identity.

(PF&R at 7.) I further note that, after trial, the defendant requested the correction of his name and a motion to that effect is currently pending. That motion explains that the defendant wants his name corrected in order to facilitate his receipt of mail while incarcerated. This appears to be the only problem that the defendant has suffered due to the alleged misspelling.

I cannot find that the defendant's inability to receive mail is enough prejudice suffered to justify dismissal of the Indictment. Instead, I **FIND** that the misspelling of the defendant's name did not prejudice him in any way as it related to the charge against him. Regardless of how he spells his name, the defendant was found guilty by a jury after hearing evidence of the defendant's extensive marijuana cultivation and trafficking. In other words, the identity of the defendant is not in question and the error was one of form and not substance. For all these reasons, I now **ADOPT** Magistrate Judge Stanley's PF&R and the defendant's Motion to Dismiss Indictment is **DENIED**. Accordingly, the defendant's Motion to Overturn the PF&R, which I construe as an Objection is hereby **DENIED**.

Finally, in order to cure any future trouble that the defendant may have in receiving his mail in prison, the defendant's Motion for Correction in Defendant's Last Name is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion & Order to counsel of record and any unrepresented party.

                ENTER:       June 29, 2009

                _____
                Joseph R. Goodwin, Chief Judge